IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**JOHNNY J. SHANDS,**

        **Petitioner,**

v.                                                                                            Case No. 1:20-cv-00029

**WARDEN,**
**FCI McDowell,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned **RECOMMENDS** that the District Court **DENY** the § 2241 petition and **DISMISS** this matter, with prejudice, from the docket of the Court. As Petitioner clearly is not entitled to relief, an evidentiary hearing is unnecessary.

**I.      Factual and Procedural Background**

     *A. Conviction and Sentence*

In 2015, Petitioner Johnny J. Shands ("Shands") was charged by Indictment in the United States District Court for the Eastern District of Kentucky ("the Sentencing Court") with three counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1).

1

(ECF No. 8-1 at 2-3). The Indictment indicated that Shands faced a maximum of 20 years of imprisonment on the charges; however, if the government established that Shands had prior controlled substance felony convictions, Shands faced a maximum statutory penalty of 30 years of imprisonment. (*Id.* at 5). The United States filed an Information pursuant to 21 U.S.C. § 851, seeking the increased punishment of up to 30 years of imprisonment due to Shands's prior convictions in 2005 and 2014 in the Court of Common Pleas for Hamilton County, Ohio for trafficking cocaine (hereinafter collectively Shands's "prior drug convictions"). *United States v. Shands*, No. 2:15-cr-00015-DLB-REW (E.D. Ky. July 2, 2015), ECF No. 11. Shands entered into a plea agreement in which he admitted the accuracy of the government's Information concerning his prior drug convictions. (ECF No. 8-2 at 3). The Sentencing Court accepted Shands's guilty plea to one count of the Indictment. (ECF No. 8-3 at 1). In exchange, the United States dismissed the other two counts against him. (*Id.*).

At sentencing, Shands faced the maximum statutory penalty of 30 years of imprisonment due to his prior drug convictions. In addition, Shands's prior drug convictions resulted in him being classified as a career offender under § 4B1.1(a) of the United States Sentencing Guidelines ("the Guidelines"), which increased his advisory sentence range. (ECF Nos. 2 at 5, 8-2 at 4). Nevertheless, on October 30, 2015, despite Shands's career offender designation and potential 30-year statutory sentence, the Sentencing Court sentenced Shands to less than 17 years of imprisonment. (ECF No. 8-3 at 3). Shands did not file a direct appeal. (ECF Nos. 1 at 2, 10 at 4).

### B. § 2255 Motion

In April 2017, Shands filed a *pro se* motion under 28 U.S.C. § 2255 in the Sentencing Court, challenging his career offender status pursuant to *Mathis v. United*

2

*States*, 136 S. Ct. 2243 (2016). (ECF No. 8-4 at 3). In *Mathis*, the Supreme Court of the United States held that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's prior convictions [could not] give rise" to Mathis's sentence enhancement under the Armed Career Criminal Act ("ACCA"). *Id.* at 2246. Shands acknowledged in his § 2255 memorandum that he was sentenced as a career offender under the advisory Guidelines, not the ACCA, and his predicate crimes were drug convictions, not violent felonies like the predicate crimes at issue in *Mathis*. (ECF No. 8-4 at 5). However, Shands argued that the reasoning in *Mathis* should be applied to his prior drug convictions and his career offender status under the Guidelines. (*Id.*). The Sentencing Court denied Shands's § 2255 motion as time-barred. (ECF No. 8-5).

### C. § 2241 Petition

On January 7, 2020, Shands filed the instant petition under § 2241. He again challenges his sentence imposed on October 30, 2015. (ECF No. 1 at 2). He contends that his prior drug convictions for trafficking cocaine did not qualify as felony drug offenses under 21 U.S.C. § 851 or controlled substance offenses under § 4B1.1 of the Guidelines because he was placed in community control and not sentenced to one year or more imprisonment. (ECF Nos. 1 at 7, 2 at 12). Shands relies on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). (ECF Nos. 1 at 7, 2 at 12-13). Shands also asserts that the Sentencing Court did not conduct a colloquy at sentencing as required under 21 U.S.C. § 851(b). (ECF No. 2 at 11).

Respondent filed a response to Shands's § 2241 petition, arguing that the petition should be denied, and the matter dismissed. Respondent contends that Shands's challenge to his sentence is properly raised under § 2255, not § 2241, and must be considered in the sentencing jurisdiction. (ECF No. 8 at 5-6). Respondent

notes that Shands already filed a § 2255 motion, and the Court could construe the petition as a request for permission to file a second or successive § 2255 motion and transfer the matter to the Fourth Circuit. (*Id.* at 6-7). However, Respondent argues that the Court should instead dismiss the petition because it is procedurally barred. (*Id.* at 7-8). Respondent disputes that Shands can avail himself of the § 2255(e) savings clause and proceed under § 2241. (*Id.* at 8-11). Shands's reply to Respondent's response reasserts his contention that he satisfies the § 2255(e) savings clause based on *Simmons*. (ECF No. 10).

II. **Analysis**

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On limited occasion, the "savings clause" of 28 U.S.C. § 2255(e), allows a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to take the place of a § 2255 motion when the remedy under § 2255 is inadequate or ineffective, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001).

Rather, the savings clause creates a narrow exception by which a prisoner may challenge his or her sentence under § 2241 if the claim meets four criteria: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this

4

retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Wheeler* criteria. *See Hood v. United States*, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014).

Shands argues that the Sentencing Court improperly enhanced his sentence under 21 U.S.C. § 851(b) and § 4B1.1 of the Guidelines based on his prior drug convictions. (ECF Nos. 1 at 7, 2 at 11-12). He notes that, in order to qualify as a predicate conviction for career offender designation under the Guidelines or § 851, the prior crime must have been punishable by imprisonment for a term exceeding one year. (ECF No. 2 at 12-13) (citing § 4B1.2(b) of the Guidelines and *Simmons*). Shands contends that his prior drug convictions did not satisfy that standard because he was placed in "community control" and not imprisoned for more than one year. (*Id.* at 12). Clearly, Shands challenges the validity of his federal sentence, not its execution.

Shands relies on *Simmons* to satisfy the *Wheeler* criteria. However, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") decided *Simmons* in 2011 and announced that it was retroactive on collateral review in 2013, which was long before Shands filed his § 2255 motion in 2017. *Simmons*, 649 F.3d 237; *Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013). Therefore, Shands does not satisfy the second prong of the *Wheeler* test.

In addition, Shands fails to show how *Simmons* changed the substantive law relating to the legality of his sentence. In *Simmons*, the Fourth Circuit determined that Simmons's prior North Carolina conviction for non-aggravated, first-time marijuana

5

possession was not an offense "punishable by imprisonment for a term exceeding one year," and thus did not qualify as predicate felony conviction for purposes of the Controlled Substances Act, § 401(b)(1)(B)(vii). Shands does not argue that his prior state convictions for cocaine trafficking were not punishable by imprisonment exceeding one year, nor does he provide any support for such a conclusion. Rather, Shands argues that he did not *serve* more than a year in prison. However, the determinative factor as to whether a conviction qualifies as a predicate offense is not the sentence actually served, but the sentence to which the defendant was subject. *See, e.g., United States v. Ward,* 972 F.3d 364 (4th Cir. 2020) ("To determine whether the 'offense' has a maximum sentence of more than one year, we look to possible penalties for that offense as provided by the relevant 'federal or state law' of conviction."); *also United States v. Thompson,* 480 F. App'x 201, 204 (4th Cir. 2012) ("Pursuant to *Simmons,* in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment.").

As Shands challenges the imposition of his sentence and has not shown that his remedy under § 2255 is inadequate or ineffective, his petition is properly construed under § 2255. Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the prisoner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Therefore, if the Court chooses to construe the petition as a § 2255 motion, then the matter must be transferred to the appropriate court, as the Court lacks jurisdiction over the action. By statute, "upon

receiving a wrongfully filed petition in a civil action, a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013) (quoting 28 U.S.C. § 1631). Transfer of a petition that is filed in the incorrect court is not mandatory. *Id.* at 984. Rather, a district court retains the discretion to dismiss, rather than transfer, a petition that is frivolous or time-barred. *Id.*

In this case, Shands's action must be dismissed, rather than transferred to the sentencing jurisdiction, for several reasons. First, the instant action was filed more than one year after his conviction became final. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Reviewing the petition, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3, or 4 of § 2255(f). As the Sentencing Court explained when it denied Shands's previous § 2255 motion, the time period within which Shands could file a § 2255 motion expired in

November 2016. *Shands*, No. 2:15-cr-00015-DLB-REW (E.D. Ky. May 11, 2017), ECF No. 33; (ECF No. 8-5). Shands did not file the instant petition until January 2020. (ECF No. 1). Therefore, the petition was clearly filed after the expiration of the one-year limitation period. Furthermore, the record does not provide a basis for equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (holding that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (stating that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result."). Therefore, Shands's petition is very clearly untimely. An additional factor weighing in favor of dismissal is that Shands has not received authorization from the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") to file a second or successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), which would remove any benefit to be gained from a transfer to the Sentencing Court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W. Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W. Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

The Court may exercise its authority under 28 U.S.C. § 1631 and recharacterize

the petition as a motion for pre-filing authorization and transfer it to the Sixth Circuit for consideration. However, for a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. Here, "tak[ing] a peek at the merits" of the petition, Shands does not set forth any potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. He does not assert any newly discovered evidence or new rule of constitutional law that applies to his case. Rather, Shands again challenges his career offender designation, a claim which the Sentencing Court previously denied as untimely. Thus, because the petition does not allege a potentially meritorious claim, transfer to the Sixth Circuit is not "in the interest of justice."

For the foregoing reasons, the undersigned **FINDS** that this court lacks jurisdiction to consider Shands's habeas petition. The undersigned further **FINDS** that the petition is frivolous and time-barred. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding district judge **DENY** the petition and **DISMISS** this action, with prejudice.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to

9

28 U.S.C. § 2241, (ECF No. 1), be **DENIED** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** October 2, 2020

Cheryl A. Eifert
United States Magistrate Judge