```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

JOHNNY J. SHANDS,

    Plaintiff,

v.                                        CIVIL ACTION NO. 1:20-00029

WARDEN, FCI McDowell,

    Defendant.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Findings and Recommendation on October 2, 2020, in which she recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241, dismiss this action with prejudice, and remove this matter from the court's docket.

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Shands filed objections to the PF&R.  See ECF No. 12. With respect to those objections, the court has conducted a de novo review.

On or about July 30, 2015, Shands pled guilty in the Eastern District of Kentucky to Count One of a three-count indictment charging him with distribution of heroin, in violation of 21 U.S.C. § 841(a)(1).  Prior to entry of his guilty plea, the United States filed an Information, pursuant to 21 U.S.C. § 851, seeking the increased punishment of up to 30 years of imprisonment due to Shands's prior state court convictions in 2005 and 2014 for trafficking cocaine.  Ultimately, on October 30, 2015, the court sentenced Shands to a term of imprisonment of 200 months.  Shands did not file a direct appeal.

Shands objects to the PF&R's ultimate conclusion that his claims are not cognizable in § 2241.  As Magistrate Judge Eifert correctly noted, Shands challenges the validity of his sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255.  Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective.  See Hahn v. Moseley,

931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."); see also Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 568 (4th Cir. 2021) ("Federal prisoners generally must use the remedy-by-motion mechanism provided in 28 U.S.C. § 2255 to challenge their convictions or sentences."); Farkas v. FCI Butner, 972 F.3d 548, 550 (4th Cir. 2020) ("Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255"). "That statute 'affords every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence.'" Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022) (quoting Marlowe, 6 F.4th at 568). "For most, that is the end of the road." Id.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should]

consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See Marlowe, 6 F.4th at

4

568. The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Of the "limited circumstances: that would "justify resort to § 2241[,]" the United States Court of Appeals for the Fourth Circuit has noted:

> [W]e think it is beyond question that "§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted); Lester [v. Flournoy], 909 F.3d at 716. In other words, a test is not "inadequate" just because someone fails it.
>
> Second, the "savings clause" is structured as an exception to AEDPA's comprehensive limitations on the scope of habeas review. Thus, to prevent the exception from swallowing the rule, we have interpreted the "savings clause" narrowly, reasoning that it must encompass only "limited circumstances." In re Jones, 226 F.3d at 333. "A contrary rule," we have explained "would effectively nullify" § 2255's specific limitations." Id.

Farkas, 972 F.3d at 556.

Shands cannot show that he is entitled to use the savings clause under § 2241 because his claims could and should have been raised in a direct appeal or § 2255 motion. With respect to Shands's reliance on United States v Simmons, 649 F.3d 237 (4th Cir. 2011), it was decided prior to Shands's conviction and

5

sentencing. Therefore, any claim based upon Simmons could (and should) have been presented in his first § 2255 motion. See Burkes v. Dobbs, Civil Action No. 0:21-cv-2054-TMC, 2022 WL 2235721, at *3 (D.S.C. June 22, 2022) (holding that petitioner could not use Simmons to satisfy savings clause where opinion was "issued years before Petitioner was first indicted for the offense in question").

"[A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Because Shands had an "unobstructed procedural shot at filing a § 2255 motion" based upon Simmons, a § 2241 motion is unavailable to him.[1]

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's

---

[1] In addition, Shands's reliance upon Simmons is misplaced. As noted above, Simmons is a Fourth Circuit decision and Shands was convicted in the Sixth Circuit. See Gaspar-Ochoa v. Maruka, Civil Action No. 1:19-00917, 2022 WL 17365730, at *4 (S.D.W. Va. Sept. 26, 2022) ("Petitioner's reliance upon Simmons is misplaced as Petitioner was convicted in the Ninth Circuit and the substantive law of the Ninth Circuit controls. Clearly, Simmons is Fourth Circuit law that is non-binding authority in the Ninth Circuit."), report and recommendation adopted by 2022 WL 17361454.

objections and adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 without prejudice,[2] and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

---

[2] The court declines to adopt the PF&R's recommendation to dismiss this action with prejudice and instead dismisses this action without prejudice for lack of jurisdiction.  See Buey v. Warden, FCI McDowell, No. 20-7483, 2021 WL 753610, at *1 (4th Cir. Feb. 26, 2021) (modifying dismissal order to reflect a dismissal without prejudice for lack of jurisdiction); see also United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) ("[T]he savings clause is a jurisdictional provision.").

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 28th day of March, 2023.

ENTER:

David A. Faber
Senior United States District Judge